UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

LESLIE PAL,

    Plaintiff,

v.                                                                      CASE NO. 8:21-cv-568-KKM-SPF

UNITED STATES NAVY, *et al.*,

    Defendants.
_____/

**REPORT AND RECOMMENDATION**

    Before the Court is *pro se* Plaintiff's Affidavit of Indigency (Doc. 2). The Court construes Plaintiff's application as motion for leave to proceed *in forma pauperis.* Plaintiff seeks a waiver of the filing fee for her complaint (Doc. 1), which does not state a claim upon which relief may be granted and contains frivolous allegations.

    Pursuant to 28 U.S.C. § 1915, the Court may, upon a finding of indigency, authorize the commencement of an action without requiring the prepayment of fees or security therefor. 28 U.S.C. § 1915(a)(1). When an application to proceed *in forma pauperis* is filed, the Court must review the case and dismiss it *sua sponte* if the Court determines the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B)(i)-(iii). Accordingly, where a district court determines from the face of the complaint that the factual allegations are clearly baseless, or the legal theories are without merit, the court may conclude a case has little or no chance of success and dismiss the complaint before service of process. *Carroll v. Gross*, 984 F.2d 392, 393 (11th Cir. 1993).

While mindful that a *pro se* plaintiff's pleading must be liberally construed, Plaintiff's complaint is procedurally inadequate even under this standard. *See Tannenbaum v. U.S.*, 148 F.3d 1262, 1263 (11th Cir. 1998) (stating that "[*p*]*ro se* pleadings are held to a less stringent standard than pleadings drafted by attorneys and will, therefore, be liberally construed"). Plaintiff's complaint lacks sufficient facts from which a cognizable federal cause of action can be inferred, and Plaintiff's allegations are clearly baseless, delusional, and without "an arguable basis either in law or in fact." *See Neitzke v. Williams*, 490 U.S. 319, 325 (1989); *Miller v. Donald*, 541 F.3d 1091, 1100 (11th Cir. 2008). The jurisdictional and factual allegations contained in Plaintiff's complaint are comprised of random, disjointed, and fanciful assertions. For example, under "Statement of Claim," Plaintiff's allegations are as follows:

> Blues accepted money & still want my brain & butt. Allowing GAMC <u>Blues</u> to log on and derelict my uterus ovaries by Nicaragua moms/Dads/Blues/Germany Dick to their liking in Pensacola, FL (Blues) for $4,000,000; Not done until it falls out. Administered methadone to brain, methane gas, steroids to stomach, Bowel uterus.

Doc. 1 at 4. Plaintiff also mentions a Federal Bureau of Investigation agent, a "royal attorney," and a familial relationship with "Diana Spencer (Wales)" (Doc. 1 at 3-5).

Notably, Plaintiff has brought three other similar cases in the Middle District of Florida, all of which have been dismissed as deficient and frivolous. *See Pal v. Doodie Marine*, Case No. 8:21-cv-307-SDM-AEP (M.D. Fla.) (case filed Feb. 9, 2021); *Pal v. Jenny*, Case No. 8:20-cv-2460-MSS-CPT (M.D. Fla.) (case filed Oct. 21, 2020); *Pal v. Germany*, Case No. 8:20-cv-403-VMC-AEP (M.D. Fla.) (case filed Feb. 21, 2020). Additionally, Plaintiff has had similar cases dismissed as frivolous or for failing to state a claim for which relief could be granted in the Southern District of Ohio. *See, e.g., Pal v. Dude Jeff*, Case No. 1:16-cv-914-SJD-

SKB (S.D. Ohio) (case filed Sept. 8, 2016); *Pal v. FBI Protective Program*, Case No. 1:14-cv-537-SJD-SKB (S.D. Ohio) (case filed June 30, 2014); *Pal v. FBI Gov't Entity Employee(s)*, Case No. 1:14-cv-113-SAS-SKB (S.D. Ohio) (case filed Feb. 3, 2014); *Pal v. Fed. Bureau of Investigation*, Case No. 1:13-cv-615-MRB-KLL (S.D. Ohio) (case filed Sept. 4, 2013).

Given the nature of Plaintiff's allegations and history of filing similar complaints, it does not appear that Plaintiff could state a valid, nonfrivolous claim for relief that is plausible on its face if given the opportunity to amend. As such, an amendment of the complaint would prove futile. *See Cockrell v. Sparks*, 510 F.3d 1307, 1310 (11th Cir. 2007) ("Leave to amend a complaint is futile when the complaint as amended would still be properly dismissed or be immediately subject to summary judgment for the defendant.") (citation omitted); *Bryant v. Dupree*, 252 F.3d 1161, 1163 (11th Cir. 2001) ("A district court need not, however, allow an amendment (1) where there has been undue delay, bad faith, dilatory motive, or repeated failure to cure deficiencies by amendments previously allowed; (2) where allowing amendment would cause undue prejudice to the opposing party; or (3) where amendment would be futile."); *Gary v. U.S. Gov't*, 540 F. App'x 916, 917 (11th Cir. 2013)[1] (affirming dismissal of complaint without leave to amend where plaintiff alleged the President and national security agencies implanted microchips in her body, noting that "any amendment would have been futile, as none of [plaintiff's] allegations are credible or rational").

---

[1] Unpublished opinions of the Eleventh Circuit Court of Appeals are not considered binding precedent; however, they may be cited as persuasive authority. 11th Cir. R. 36-2.

Accordingly, it is hereby

**RECOMMENDED:**

1. Plaintiff's motion for leave to proceed *in forma pauperis* (Doc. 2) be **DENIED**.

2. Plaintiff's complaint (Doc. 1) be **DISMISSED WITH PREJUDICE**.

3. The Clerk be directed to close the case.

**IT IS SO REPORTED** in Tampa, Florida, on April 1, 2021.

SEAN P. FLYNN
UNITED STATES MAGISTRATE JUDGE

### NOTICE TO PARTIES

Within fourteen days after being served with a copy of this Report and Recommendation, any party may serve and file written objections to the proposed findings and recommendations or request an extension of time to do so. 28 U.S.C. § 636(b)(1); 11th Cir. R. 3-1. Failure of any party to timely object in accordance with the provisions of § 636(b)(1) waives that party's right to challenge on appeal the district court's order based on the unobjected-to factual and legal conclusions contained in this Report and Recommendation. 11th Cir. R. 3-1.

cc:  Hon. Kathryn K. Mizelle
     Plaintiff, *pro se*